IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-40039 |
| | ) | |
| MATTHEW E. VALENTINE and | ) | CH. 13 |
| KIMBERLY S. VALENTINE, | ) | |
| | ) | |
| Debtors. | ) | |

**<u>MEMORANDUM</u>**

      Hearing was held in Lincoln, Nebraska, on March 21, 2007, on Debtors' Motion to Avoid Lien (Fil. #17), and an Objection filed by creditor Frontier Ford Lincoln Mercury, Inc. ("Frontier")[1] (Fil. #21). Charles R. Maser appeared for Debtors, and Joseph H. Badami appeared for Frontier. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B) and (K).

      In this proceeding, Debtors seek to avoid the deed of trust lien of Frontier. Debtors have also objected to Frontier's claim on the same basis (Fil. #20), therefore, this decision is applicable to the claim objection as well as the motion to avoid lien.[2] In their motion, Debtors assert that Frontier holds a third deed of trust lien against the real property located at 5414 Randolph Circle, Hastings, Nebraska ("Property"), which is Debtors' principal place of residence. The Property is subject to a first mortgage in favor of Washington Mutual, which has now been assigned to Wells Fargo, in the amount of $223,759.70. According to Debtors, the Property is also subject to a second mortgage in favor of U.S. Bank Home Mortgage in the amount of $41,707.62. Thus, the combined indebtedness of the first and second liens is $265,467.32. Frontier holds a third deed of trust lien in the approximate amount of $143,000.00. Debtors do not challenge the amount of Frontier's claim or the validity of its deed of trust.

      Debtors' basis for avoiding the lien of Frontier is not entirely clear from their motion. The motion states that the lien "impairs the debtor's exemptions" under the homestead statutes. That basis for lien avoidance fails for two reasons. First, the Bankruptcy Code section allowing lien avoidance due to impairment of exemptions is 11 U.S.C. § 522(f). That section applies to judicial liens or to nonpossessory, nonpurchase-money security interests in various described items of

---

[1] The claim held by Frontier was originally filed by Paul Spady, and was subsequently assigned to Frontier Ford Lincoln Mercury, Inc. (Fil. #24).

[2] A request to avoid a lien is a determination to be made in an adversary proceeding as specified in Federal Rule of Bankruptcy Procedure 7001. By virtue of Rule 3007, the objection to claim and motion to avoid lien are addressed as a contested matter herein and shall be considered as having been litigated in an adversary proceeding.

personal property. Frontier's deed of trust lien is not either one of those. Thus, 11 U.S.C. § 522(f) is not applicable. Second, Debtors' homestead exemption is not operative against debts secured by mortgages or trust deeds which have been executed and acknowledged by both husband and wife. Neb. Rev. Stat. § 40-103.

In their objection to claim, Debtors argue that the claim should be reclassified as unsecured. So, instead of impairment of exemptions, it appears that Debtors are actually arguing that the lien of Frontier is wholly unsecured (as opposed to under-secured) and the lien (which encumbers Debtors' principal place of residence) may be stripped off the subject Property pursuant to the process of valuing the secured claim under 11 U.S.C. § 506(a).

The United States Supreme Court case of *Nobelman v. American Sav. Bank*, 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed. 2d. 228 (1993), held that under 11 U.S.C. § 1322(b)(2), a debtor could not strip down a creditor's claim when any portion of that claim is secured by the debtor's home. To do so would alter the creditor's rights, which is expressly prohibited by 11 U.S.C. § 1322(b)(2).

Subsequent to *Nobelman*, many courts were faced with requests to strip off liens that were wholly unsecured, as opposed to under-secured. In other words, where there is no value in the property above the value of prior liens and encumbrances against the property, courts were asked to strip off wholly unsecured liens notwithstanding *Nobelman* and 11 U.S.C. § 1322(b)(2). In fact, in the case of *In re Sanders*, 202 B.R. 986 (Bankr. D. Neb. 1996), Chief Judge Timothy J. Mahoney engaged in an extensive analysis of the availability of lien stripping where a junior lien was totally unsecured as to the debtor's principal residence. Specifically, Chief Judge Mahoney concluded that "[a] creditor that holds a security interest in the debtor's principal residence is not protected by the anti-modification provision of § 1322(b)(2) if the creditor does not hold a 'secured claim' or a secured claim component pursuant to § 506(a)." *Id.* at 991. Thus, where the claim is wholly unsecured, the lien may be avoided. *Id.*

Therefore, the threshold issue to be decided is whether the Property has any value above the senior liens to secure any portion of the lien of Frontier. Debtors have made differing assertions of value at various times. In their schedules, Debtors list the value of the Property at $275,000.00. In their motion to avoid lien and in their objection to claim, they valued the Property at $275,000.00. In their affidavit in support of this motion, Debtors state the Property was appraised at $265,000.00 in August 2004 and at $270,500.00 on December 5, 2005. Debtors now assert that their scheduled value of $275,000.00 may be an overstatement based on comparable listings of homes for sale in their neighborhood. Debtors also point out that the tax value of the Property is $252,665.00, although Debtors do not appear to be asserting that amount to be the actual value. Debtors also presented the affidavit of Michael Engelhardt (Fil. #36), a real estate agent in Hastings, Nebraska. Mr. Engelhardt provided a market analysis of the Property and suggested a listing price of $265,000.00 and a probable selling price of between $255,000.00 and $260,000.00. Mr. Engelhardt is not a licensed real estate appraiser.

Frontier presented the affidavit of Danny G. Mattley (Fil. #34), a licensed real estate appraiser. Mr. Mattley did not have physical access to the Property, but instead performed the appraisal based on an exterior review of the site and improvements, location analysis, and market analysis. Mr. Mattley concluded that the fair market value of the Property was $296,000.00.

Under *Nobelman*, Debtors' efforts to strip off and/or strip down the lien of Frontier must fail if there is any value at all in the Property securing Frontier's lien. Debtors acknowledge that the total amount of liens prior to Frontier amount to $265,467.32. If the Property is worth more than that, the lien cannot be avoided.

If Debtors are to succeed, they have the burden of proof to show that they are entitled to avoid the lien; that is, to prove that there is no equity in the Property above the first two encumbrances. *JaKS Farm Custom Forage Harvesting, L.L.C. v. Anderson (In re Anderson)*, 305 B.R. 861, 867 (B.A.P. 8th Cir. 2004). Debtors have failed to meet that burden. Specifically, Debtors themselves valued the Property at $275,000.00 in their schedules and again in their motion and objection. Only after filing the motion and objection did Debtors begin expressing any doubt as to that number. Debtors did present a market analysis from a real estate agent in their area, which analysis suggested a listing price of $265,000.00, which is approximately the same amount due on the prior liens. On the other hand, Frontier presented the affidavit of a licensed real estate appraiser indicating the value to be $296,000.00. Thus, the evidence indicates that there are two appraisals performed by licensed real estate appraisers (one in December 2005 and one in March 2007), each indicating a value above the amount due on the liens prior to Frontier. There is also Debtors' own estimate of value in the amount of $275,000.00. Debtors have not presented any evidence that the Property has been damaged or otherwise decreased in value since December 2005, nor have Debtors presented any evidence that there are interior issues with respect to the subject Property that would cause the drive-by appraisal in March 2007 to be overstated.

The evidence is simply insufficient to clearly establish that the subject Property is worth less than the prior indebtedness of approximately $265,000.00. Instead, the appraisals in evidence indicate the Property does have value above the amount of the prior liens. Therefore, Debtors' motion to avoid the lien of Frontier (Fil. #17) and objection to claim (Fil. #20) are denied.

Separate order to be filed.

DATED: March 23, 2007.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
\*Charles R. Maser
Joseph H. Badami
Kathleen Laughlin
U.S. Trustee

Movant(\*) is responsible for giving notice to other parties if required by rule or statute.